BELCHER & BROWN LUMBER AND MERCANTILE COMPANY, Appellant, v. DRANE, Respondent.

St. Louis Court of Appeals, April 12, 1904.

ATTACHMENT: Hindering and Delaying Creditors: Fraud.    On the trial of a plea in abatement filed in an attachment suit, wherein the affidavit set out as a ground for attachment, that "the defendant is about fraudulently to convey or assign his property and effects so as to hinder or delay his creditors," an instruction, embodying similar language which left out the essential element of fraud, was properly refused.

Appeal from Ripley Circuit Court.—*Hon. James L. Fort*, Judge.

AFFIRMED.

*Alfred Perkins* and *J. C. Sheppard* for appellant.

. (1) The verdict was against the weight of the evidence. The plaintiff may state in his affidavit for an attachment as many grounds as he may have, and if he supports any one of them by evidence, he is entitled to have his attachment sustained. Cole Mfg. Co. v. Jenkins, 47 Mo. App. 667; Sauerwein v. Champagne Co., 68 Mo. App. 29; Tucker v. Frederick, 28 Mo. 574; Stewart v. Cabanne, 16 Mo. App. 531; Hasler v. Schopp, 70 Mo. App. 475. (2) Instruction No. 2 asked by appellant and refused by the court was a correct declaration of law, if there was any substantial evidence to support it. Frederick v. Allgaier, 88 Mo. 602; Gordon v. Ismay, 55 Mo. App. 325.

BLAND, P. J.—This is an action on account by attachment brought before a justice of the peace, on the sixteenth day of September, 1903. There were two grounds alleged in the affidavit for attachment: First, "that he has good reason to believe and does believe that the defendant is a non-resident of the State." Second, "that the defendant is about fraudulently to convey or assign his property and effects, so as to hinder or delay his creditors." The defendant put in issue these two grounds of attachment by a denial thereof under oath in the justice court. A trial was had on the plea in abatement and there was a finding for the defendant on the said plea in abatement.

Plaintiff had judgment on the merits before the justice for the sum of one hundred dollars and forty-three cents.

Plaintiff, in due time, appealed from the finding against it on the plea in abatement, to the circuit court. A trial was had in the circuit court on the plea in abatement by a jury and a finding for the defendant, and the plaintiff, after unsuccessfully moving for a new trial, appealed to this court.

There is nothing before this court on the merits of the case, but only as to the plea in abatement.

There was evidence offered by the plaintiff on the trial in support of each of the grounds in the affidavit for the attachment.

At the conclusion of the evidence the court gave the following instruction on the part of the plaintiff:

"The court instructs the jury that if they find from the evidence that the defendant took his household goods out of this State and into the State of Arkansas, with an intent then formed to make the State of Arkansas his home, and without the present intention of moving back to this State, then you will find that he became a resident of that State from the time he moved into that State, although you may further believe from the evidence that he moved back into this State since the beginning of this suit, and your finding should be for the plaintiff."

The court refused the following instruction asked by the plaintiff.

"2. The court instructs the jury that fraud is rarely susceptible of direct proof but may be inferred from facts and circumstances proved in the case, and if you find and believe from facts and circumstances proved in the case, and if you find and believe from all the facts and circumstances proven in this case, that the defendant was about to dispose of his property and effects so as to hinder and delay the plaintiff in the collection of his debt, then you should find the issues for the plaintiff."

These were all the instructions asked for in the case.

To which ruling of the court in refusing said instruction the plaintiff objected and excepted at the time.

The jury returned a verdict for the defendant dissolving the attachment, and the court rendered judgment accordingly, hence this appeal.

The refused instruction did not properly state the law. It left out the essential element of fraud and therein departed from the language of the second ground stated in the affidavit for the attachment and authorized the sustainment of the attachment on a ground for which an attachment will not lie. The refusal of this instruction is the only error complained of, hence the judgment is affirmed. *Reyburn* and *Goode*, *JJ.*, concur.